UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

| | | |
|---|---|---|
| JANE DOE, JR.<br>ppa JANE DOE SR.,<br>    *Plaintiffs* | :<br>:<br>:<br>:<br>: | CIVIL ACTION 2004 MAR -9 A 10:04<br>3:01CV2298(SRU)<br>3:03CV571(SRU)<br>US DISTRICT COURT<br>BRIDGEPORT CT |
| V. | :<br>: | |
| CITY OF WATERBURY, ET AL.,<br>    *Defendants* | :<br>: | March 8, 2004 |

**Response of Proposed Intervenor**

The plaintiff mothers continue to misconstrue the issues before this court. The court sought further briefing on the issue of conflict of interest and qualifications of counsel. As explained in the response filed by the proposed intervenor, Commissioner of Children and Families, as guardian and sole legal representative for the children, the Commissioner alone is responsible for selecting counsel for these children and has determined the counsel from the Office of Attorney General should pursue this action on behalf of the children. The qualifications of counsel for the plaintiff mothers or the proposed guardian ad litem are not at issue. At this stage in the proceedings, neither mother has the authority to continue this action or the power to select a guardian ad litem for the children.

1

Attorney Harmon, in his January 28, 2004 memo of law, contends again that the Commissioner of Children and Families (Commissioner) is not the exclusive representative for the minor child because "DCF was only appointed as guardian of the person, not a general guardian." This is merely a repetition of an argument presented before that must be discounted. State law is clear that a guardian of the person is the sole individual with the "the authority to make major decisions affecting the minor's education and welfare." Conn. Gen. Stat. §45a-604. As the Commissioner is the guardian, has no conflict of interest and is ready, willing and able to pursue this litigation, no-one else can claim to have authority to represent this child.

Attorney Harmon asserts that a conflict exists because the Commissioner did not initiate the litigation. However, that argument has no merit; the initial lawsuit was filed long before the Commissioner was named guardian. She could not have initiated the litigation prior to becoming guardian.

Moreover, if a conflict could arise simply because another individual was the first to bring an action, then any individual could pursue litigation for a child without first obtaining permission from the guardian. That simply could not be the rule; as the Connecticut Supreme Court

2

explained in *Orsi v. Senatore,* 230 Conn. 459 (1994) the court may authorize a next friend to represent a child without approval of the parent or guardian only when **exceptional circumstances** are demonstrated. Here, there is no evidence of any exceptional circumstances.

Attorney Hillis, in his February 12, 2004 memo, asserts that the Commissioner "waived" the claim of conflict by the mothers. However, he represents a mother whose parental rights have been terminated - there can be no clearer case for disallowing this woman from acting as legal representative for this child, in view of her loss of parental rights. The Commissioner need not prove conflict when the individual who claims to represent this child has specifically lost that right. In any event, the state court's decision to terminate her rights more than amply demonstrates the conflict that would exist if this mother continued to act as her daughter's next friend.

In sum, because the Commissioner is the sole legal representative of the plaintiff children, she alone is empowered to pursue this action as well as select counsel to protect the legal interests of her wards.

Respectfully submitted,

DARLENE DUNBAR
COMMISSIONER, CHILDREN AND
FAMILIES

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By:  *(signature)*
Susan T. Pearlman
Assistant Attorney General
Federal Bar No. 06338
110 Sherman Street
Hartford, CT  06105
Tel: (860) 808-5480
Fax: (860) 808-5595

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 8th day of March, 2004, first class postage prepaid to:

Attorney Gerald L. Harmon
290 Pratt Street
Meriden, CT. 06450

Attorney Michael S. Hillis
Dobrowksi, Knapsack and Hillis, LLC
205 Whitney Ave.
New Haven, CT. 06511

Attorney Michael W. Mackniak
87 Meadow Street
Naugatuck, CT 06770

Attorney Andrew B. Bowman
1804 Post Rd. East
Westport, CT. 06880-5683

Attorney Elliot Spector
Sack, Spector and Karsten
836 Farmington Ave.
West Hartford, CT 06119-1544

Attorney Erskine D. McIntosh
The Law Offices of Eskine D. McIntosh, P.C.
3129 Whitney Ave, Second Floor
Hamden, CT. 06518-2364

_____
Susan T. Pearlman
Assistant Attorney General