**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Bridgeport)**

FILED

2005 FEB -9  P 12: 4

U.S. DISTRICT COURT

Jane Doe, Jr., et al.  Plaintiff     :

    :

    V.     :      NO.  3:01CV 2298 (SRU)

    :

City of Waterbury, et al. Defendants     :

......................................................:

Susan Roe, Jr., et al.  Plaintiff     :

    :

    V.     :      NO.  3:03 CV 571 (SRU)

    :

City of Waterbury, et al. Defendants     :      February 5, 2005

## PLAINTIFFS' & DEFENDANTS' JOINT 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: March 31, 2003

Date Complaint Served: April 1, 2003

Defendant Appearances:  Philip Giordano as individual; City of Waterbury.

Pursuant to the spirit of Fed. R.Civ.P. 16(b), 26(f) and D.Conn. L.Civ.R. 38, a collaboration between all counsel was held on <u>January 31 – February  4, 2005</u>.  The participants were: Attorney Gerald L. Harmon, Attorney Erskine D. McIntosh, Attorney Michael W. Mackniak and Attorney Michael S. Hillis for the minor plaintiffs, Attorney Elliot B. Spector for the City of Waterbury, Attorney Andrew B. Bowman for Philip Giordano.

**I. Certification.**   The Plaintiffs' and Defendants' Counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation

1

with their clients, have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

## II. Jurisdiction.

Subject Matter Jurisdiction over the Title 18 and 42 U.S.C. Section 1983, Section 1985, 1986 claims in the complaint is conferred upon in this court by 28 U.S.C. §§1331, 1343, and 42 U.S.C. §2000e-5(f). Also subject matter jurisdiction over the state law claims in the complaint is conferred upon this court by federal question under 28 U.S.C. §§1331 and 1367 and the doctrine of pendent jurisdiction.

## III. Brief Description of Case.

A.                Claims of Plaintiff:

This action arises from alleged conduct by the former Mayor of the City of Waterbury, Philip Giordano ("Giordano"). Plaintiffs on behalf of the minor daughters allege that from November, 2000 to about July 2001, Giordano arranged to have the minor plaintiffs brought to various locations for the purpose of engaging in aggravated sexual abuse and other acts of sexual abuse by forcing the minor plaintiffs who were then ages 7 and 9 to engage in sexual acts.

As to the City of Waterbury ("City") plaintiffs allege that the Mayor used his authority and final decision making power as a leader of Waterbury to force the children to engage in unwanted sexual contact. Plaintiffs also allege a deprivation of the minor's constitutionally protected right to be free from slavery and involuntary servitude in that the City demonstrated "reckless indifference to the totality of the circumstances by not discovering Giordano's malicious, wanton, intentional injury of the minor plaintiffs.

Plaintiff further asserts state law claims of negligent infliction of emotional distress.

B.        Defenses and Claims (Counterclaims, Third Party Claims, Cross- Claims) of Defendant/s:

2

1. The defendants deny liability under each and every count of Plaintiffs' Complaint.

2. Defenses and Claims of Third-Party Defendant/s:

    a. There are currently no Third-Party Defendants in the action.

**IV. Statement of Undisputed Facts:**      Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

    A. That at all times mentioned in the complaint the co-defendant Philip Giordano was the duly elected Mayor of the City of Waterbury.

    B. That the plaintiffs Jane Doe, Jr. and Susan Doe, Jr. during all times mentioned in the complaint were minors.

**V. Case Management Plan.**

    A. Standing Order on Scheduling in Civil Cases.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    B. Scheduling Conference With the Court. The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

    C. Early Settlement Conference.

      1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Parties would seek to have a settlement conference after resolution of the summary judgment motion.

      2. The parties do not request an early settlement conference.

      3. N/A.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

E. Joinder of Parties and Amendment of Pleadings.

1. Plaintiff should be allowed until August 29, 2005 to file motions to join additional parties and until September 19, 2005 to file motions to amend the pleadings.

2. Defendants should be allowed until September 13, 2005 to file motions to join additional parties and until 30 days after service of the amended complaint to file a response to the amended complaint. It is currently anticipated that Plaintiff intends to file an Amended Complaint, and therefore, any party not having filed a response to the original Complaint in this matter will not have to file a responsive pleading until 30 days after the filing of the Amended Complaint.

F. Discovery.

1. Plaintiffs anticipate discovery will be needed on the following but not limited to subjects: Actions by the City of Waterbury that contributed to the allegations of sexual abuse, degree of injury to the plaintiffs, and damages.

2. All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ. P. 26(b)(4) and initial disclosures pursuant to Fed.R.Civ. P. 26(a)(1), will be commenced immediately.

3. Discovery will not be conducted in phases.

4. N/A

5. The parties anticipate that the plaintiff will require a total of 30 depositions of

fact witnesses and that the defendants will require a total of five (5) depositions of fact witnesses. The depositions will commence prior to the resolution of the summary judgment motions.

      6.    The parties will not request permission to serve more than 25 interrogatories with respect to the parties in this report.

      7.    Plaintiffs intend to call expert witnesses at trial. Plaintiff and all other parties asserting an affirmative claim, such as a counter claim, cross claim and third party claim will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R.Civ.P.26(a)(2) by 90 days before conclusion of discovery. Depositions of any such experts will be completed by 90 days before conclusion of discovery.

      8.    Defendants may call expert witnesses at trial. Defendants, counter defendants, cross defendants and third party defendants will designate all trial expert and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 45 days before conclusion of discovery. Depositions of any such experts will be completed before the end of discovery.

      9.    A damage analysis will be provided by any party who has a claim or counterclaim for damages by the time of disclosure of experts.

    G.   Dispositive Motions.    Dispositive motions will be filed on or before 45 days after conclusion of discovery.

    H.   Joint Trial Memorandum. The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 30 days after conclusion of discovery or thirty days after the final ruling on the dispositive motions, whichever is later.

**VI.    Trial Readiness.**    The case will be ready for trial sixty days after conclusion of

discovery or sixty days after the final ruling on the dispositive motions, whichever is later.

As officers of the Court, all counsel agree to cooperate with each other and with the Court

to promote the just, speedy and inexpensive determination of this action.

RESPECTFULLY SUBMITTED,

PLAINTIFFS' & DEFENDANTS' COUNSEL

By: _____

ATTY. ERSKINE D. McINTOSH
FEDERAL BAR NO. CT 09743
THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.
3129 WHITNEY AVENUE, SECOND FLOOR
HAMDEN, CONN. 06518-2364
(203) 787-9994

## CERTIFICATION

I hereby certify that copies of the foregoing Proposed Scheduling Order was mailed to the following parties of record on February _5_, 2005 as follows:

Elliot B. Spector, Esquire
Sack, Spector and Karsten
836 Farmington Avenue
West Hartford, CT 06119-1544

Michael Mackniak, Esquire
87 Meadow Street
Naugatuck, CT  06770

Michael S. Hillis, Esquire
Dobriski, Knapsack & Hillis
205 Whitney Avenue
New Haven, CT  06511

Gerald L. Harmon, Esquire
The Law Offices of Gerald L. Harmon
290 Pratt Street
Meriden, Conn. 06450

6

Andrew B. Bowen, Esquire
1804 Post Road East
Westport, CT  06880-5683

Lawrence M. Hermann, Esquire
1116 Wallingford Road
Cheshire, Conn. 06410-2939

ATTY. ERSKINE D. MCINTOSH

19 MOTION-26f—GIORDANO