UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE, JR., ppa<br>ATTORNEY ALLISON JACOBS | Case No.: 3:01cv2298 (SRU) |
| v. | |
| CITY OF WATERBURY, et al. | OCTOBER 28, 2005 |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The plaintiff respectfully moves the Court as follows:

1. That it enter, pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment in plaintiff's favor as to liability only under the Fourteenth Amendment claim of Count One, and Counts Four through Eleven of Plaintiff's Amended Complaint, upon the ground that there are no genuine issues of material fact to be tried and that as a consequence, the plaintiff is entitled to judgment as a matter of law.

2. In the alternative, the plaintiff moves pursuant to Rule 56(d) of the Federal Rules of Civil Procedure that if the Court does not find summary judgment is appropriate on all the issues now sought for relief, that an order be entered establishing which facts are uncontroverted and which facts are in good faith controverted and direct such further proceedings in the action that are just and appropriate.

This motion is based upon:

    a.    The attached Local Rule 56(a) Statement;

    b.    The attached Appendix, including

            i.    City of Waterbury Charter;
            ii.   City of Waterbury Sexual Harassment Policy;

      iii.    Superseding Indictment;
      iv.    <u>U.S. v. Giordano</u>, 324 F.Supp.2d 349 (D.Conn.2003); and
      v.    Portions of Trial Transcript, <u>U.S. v. Giordano</u>, No. 3:01CR216 (AHN);

c.    The attached Memorandum of Law in Support of Motion for Summary Judgment which demonstrates:

    i.    Collateral estoppel prevents the City of Waterbury and Mayor Giordano from denying that Mayor Giordano violated the plaintiff's Fourteenth Amendment rights under color of law, establishing Mayor Giordano's liability under 42 U.S.C. § 1983;

    ii.    Based on the record before the court, there is no genuine issue of material fact as to whether Mayor Giordano was the City of Waterbury's authorized final policymaker, establishing municipal liability under 42 U.S.C. § 1983;

    iii.    Based on the record before the court, there are no genuine issues of material fact as to Mayor Giordano's liability under Counts Four through Ten and the City of Waterbury's liability under Counts Four, Nine, Ten and Eleven.

Therefore, the plaintiff is entitled to judgment as a matter of law.

Respectfully submitted,

       THE PLAINTIFF
       **JANE DOE, JR., ppa ATTORNEY ALLISON JACOBS**
       **GUARDIAN AD LITEM**

By: _____
**MICHAEL S. HILLIS**
DOMBROSKI, KNAPSACK & HILLIS LLC
129 Whitney Avenue
New Haven, Connecticut 06510
(203) 624-9096
(203) 624-1308 (Fax)
Federal Bar No.: ct11867

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the foregoing **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** was mailed, postage prepaid, this **28th** day of **OCTOBER, 2005**, to all counsel of record as follows:

**MICHAEL W. MACKNIAK, ESQ.**
87 Meadow Street
Naugatuck, Connecticut 06770

**ERSKINE D. MCINTOSH, ESQ.**
The Law Offices of Erskine D. McIntosh, P.C.
P.O. Box 185789
Hamden, Connecticut 06518-0789

**GERALD L. HARMON, ESQ.**
The Law Offices of Gerald L. Harmon
290 Pratt Street
Meriden, Connecticut 06450

**ELLIOT B. SPECTOR, ESQ.**
**NOBLE, SPECTOR, YOUNG & O'CONNOR**
One Congress Street, Fourth Floor
Hartford, Connecticut 06114

**ANDREW B. BOWMAN, ESQ.**
1804 Post Road East
Westport, Connecticut 06880

_____
**MICHAEL S. HILLIS**