UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, JR., et al. | : | Master Consolidated **(Lead Case)** |
|     Plaintiffs, | : | Civil 3:01CV2298 (SRU) |
| vs. | : | |
| | : | |
| CITY OF WATERBURY, et al. | : | |
|     Defendants. | : | |
| | : | |
| SUSAN ROE, JR., et al. | : | NO.: 3:03CV00571(SRU) **(Member Case)** |
|     Plaintiffs, | : | |
| vs. | : | |
| | : | |
| CITY OF WATERBURY, et al. | : | |
|     Defendants. | : | MARCH 27, 2006 |

**REPLY BRIEF IN SUPPORT OF DEFENDANT CITY OF WATERBURY'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF, SUSAN ROE, JR. AND JANE DOE, JR.'S MOTIONS FOR SUMMARY JUDGMENT**

    This brief represents the City of Waterbury's Reply supporting the City's Motion for Summary Judgment regarding Plaintiff Susan Roe, Jr.'s Amended Complaint dated January 23, 2006, and plaintiff Jane Doe, Jr.'s Complaint dated July 28, 2005, and is in Opposition to Susan Roe, Jr.'s Summary Judgment Motion dated August 18, 2005 and Reply Brief dated March 16, 2006, and Jane Doe, Jr.'s Summary Judgment Motion dated October 28, 2005 and Reply Brief dated December 28, 2005.

1

**RESPONSE TO DOE, JR., LOCAL RULE 56(a)1 STATEMENT:**

No factual claims alleged in plaintiff's Rule 56(a)1 Statement are directed to the City of Waterbury and none are relevant to any allegations against the City, except Paragraphs 25 and 92.

Paragraphs 1 through 9 merely identify the parties. Paragraphs 10 through 24 summarize the City Charter, but fail to identify any provisions which authorize sexual assaults. Although these factual allegations support the claim against Philip Giordano with regard to his acting under color of law, the factual statements are irrelevant to the issue as to whether any City policy or custom was the moving force behind the alleged constitutional violation.

Paragraph 25 cites the City of Waterbury's Sexual Harassment Policy which specifically and emphatically prohibits sexual harassment. Thus, the paragraph specifically contradicts that a City policy was the moving force behind the alleged constitutional violations.

Paragraphs 26 through 44 describe the day to day duties and powers of the Mayor of Waterbury and cite some specific acts which the Mayor is entitled to undertake, however, none of the acts relate to sexual assault. In fact, any such powers and actions would be appropriate under the Mayor's authority.

Paragraphs 45 through 61 describe the vehicle, cell phone and identification badge owned by the City and used by Giordano. There is no factual evidence that the City provided the vehicle, cell

2

phone or badge for the purpose of engaging in acts of sexual misconduct, and is therefore, not relevant to allegations against the City.

Paragraphs 62 through 87 describe Giordano's alleged personal acts of sexual misconduct, but do not allege that any official knew, condoned, authorized or acquiesced to such personal acts of misconduct. These allegations are wholly directed to Mr. Giordano. In fact, in Paragraph 70, plaintiff alleges that the sexual acts took place at the Mayor's office at which time there were no members of the Mayor's staff present, and the office was closed to the public.

Paragraphs 88 through 93 described the criminal proceedings which the City was not a party to. Again, the only partial fact alleged relating to a City policy is found in Paragraph 92, which refers to the promulgation of a Sexual Harassment Policy of the City, which Giordano violated thereby contradicting the claim that a City policy was a moving force behind the constitutional violation.

For the purposes of the Summary Judgment Motion the defendant will admit Paragraphs 1 through 61, but has insufficient knowledge to admit or deny Paragraphs 62 through 93 with the exception of that portion of Paragraph 92 which alleges that the City had promulgated a Sexual Harassment Policy, which is admitted.

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

**RESPONSE TO SUSAN ROE, JR.'S LOCAL RULE 9(c) STATEMENT:**

(For the purposes of this brief, the undersigned will refer to the Local Rule Statement as a "9(c)" Statement, as that is how the plaintiff, Susan Roe, Jr., referred to same.)

For the purposes of summary judgment, the defendant, City of Waterbury, admits Paragraphs 9 and 10, denies Paragraphs 8, 11 and 12, and has insufficient knowledge to respond to Paragraphs 1 through 7.

None of the allegations found in the Local Rule 9(c) Statement identify any policy or the custom which was the moving force behind the constitutional violation nor do they allege that any official of the City knew of, condoned, or acquiesced or authorized Mr. Giordano to engage in acts of sexual misconduct for his own personal gratification.

**ARGUMENT:**

In over 5 ½ years since the plaintiffs' complaints have been filed, they have failed to identify a City Policy or custom which was the moving force behind the constitutional violation. They have also failed to identify any official governmental body of the City of Waterbury or an employee who had even a suspicion of Mayor Giordano's alleged conduct, let alone specific evidence of authorization for him to engage in such conduct.

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

The plaintiffs have also failed to cite any on point cases that a municipality can be held liable for a policy maker's under color of law misconduct against a nongovernmental employee, when such conduct is not directly related to the authorized powers vested in such official by the municipality.

> In Monell, the Supreme Court overruled Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), to the extent Monroe held "that local governments are wholly immune from suit under § 1983." Monell, 436 U.S. at 663, 98 S.Ct. 2018. Specifically, the Court held that local governments could properly be sued as "persons" within the meaning of the statute. Id. at 690, 98 S.Ct. 2018. On the other hand, the Court further held "that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Id, at 691, 98 S.Ct. 2018. Thus, a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a governments' policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983.

Coon v. Town of Springfield, 404 F.3d 683 ($2^d$ Cir. 2005).

As in Coon, the plaintiffs here have failed to produce any evidence of a municipal policy or custom that resulted in the alleged harm, or any other involvement by the City that would support municipal liability.

All of the cases cited by plaintiffs supporting their "policymaker" liability claims address specific misconduct connected to powers expressly authorized by their governmental entities. In other

5

words, although the policymaker may have been authorized to perform the acts in question, the manner in which such acts were performed allegedly violated some constitutional right.

In McMillan v. Monroe County Alabama, 520 U.S. 781 (1997) the alleged unconstitutional act of suppressing exculpatory evidence was within the authorized powers of conducting investigations and making arrests.

Board of the County Commissioner of Bryan County, Oklahoma v. Brown, 520 U.S. 397 (1997) involved an alleged unconstitutional act resulting from the express authorized responsibilities of hiring and training.

In Anthony v. City of New York, 339 F.3d 129 (2d Cir. 2003) a police sergeant's order to take a woman with Down Syndrome involuntarily to a hospital was deemed not to be an official municipal policy.

In Nicholson v. Scoppetta, 344 F.3d 154 (2d Cir. 2003) the court did find that City administration for children's services practice of removing children from custody of their mothers to prevent the children from witnessing domestic violence constituted policy or practice. Such acts obviously were within specifically authorized powers.

In Gernetske v. Kenosha Unified School District, 274 F.3d 464 (7th Cir. 2001) the alleged unconstitutional act involved the Board of Education's forbidding certain displays on school murals.

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985

In Berdin v. Duggan, 701 F. 2d 909 (11th Cir. 1983) and Patterson v. Utica, 370 F.3d 322 (2d Cir. 2004) the plaintiffs claimed wrongful termination obviously well within the Mayors' authorized power to hire and fire employees.

In Bennett v. Pippin, 74 F.3d 578 (5th Cir. 1996) the Sheriff raped the plaintiff. The court found that "when a policy maker makes the relevant decision, and when the decision is within the sphere of the policy maker's authority" the municipality may be held liable. At 586. The sexual assault was related to the relationship with the plaintiff, which grew out of the sheriff's investigative authority. In addition he had authority to arrest and incarcerate the plaintiff and controlled her ability to retrieve her vehicle and to provide permission for her to change her residence. These powers arising out of duties expressly authorized served as the nexus between the duties and the rape.

The ultimate question is whether Giordano was executing a policy of the City of Waterbury. In other words, was it his function as Mayor of Waterbury to make final discretionary decisions regarding the sexual molestation of children? In Hurdle v. Board of Educ. of the City of New York, 113 Fed.Appx. 423 (2004), the court applied the standard to determine policy making authority enunciated in Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701 (1989), "As with other questions of state law relevant to the application of federal law, the identification of those officials whose decisions represent the official policy of the local governmental unit is itself a legal question to be resolved by the trial judge before the case is submitted to the jury." In Hurdle the court determined that the superintendent, although the

7

policy maker in other respects, was not necessarily the policy maker with regard to the transfer of school principals. In this case the City of Waterbury did not designate power, authority or responsibility to Mayor Giordano to engage in acts of sexual misconduct.

This issue connecting the dots between a policy maker's misconduct and municipal liability was further explored in Gronowski v. Spencer, 424 F.3d 285 (2d Cir. 2005). In Gronowski the plaintiff was laid off after nearly thirty years of work for the City because of her political support and work efforts for the Mayor's political opponent. In discussing the liability of the City of Yonkers, the court explained, "municipal liability may attach under Section 1983 when a city policy maker takes action that violates an individual's constitutional rights. Even one episode of illegal retaliation may establish municipal liability under Section 1983 if ordered by a person whose edicts or acts represent official city policy…where a city official "has final authority under significant matters involving the exercise of discretion" and his choices represent government policy." Rookard v. Health and Hosps. Corp., 710 F.2d 41, 45 (2d Cir. 1983). In this case, the court determined that the mayor's actions represented governmental policy because he had final authority over hiring and firing decisions. The City of Waterbury never vested Mayor Giordano with authority to engage in personal acts of sexual misconduct for his own gratification nor were the acts committed pursuant to any other specifically authorized power. Although Mayor Giordano was indisputably the policy maker for those decisions described by

8

plaintiffs in their complaints and summary judgment briefs, there is no link between his sexual misconduct and his authority to act as a policy maker for the City of Waterbury.

It cannot be seriously disputed that Philip Giordano's actions were truly personal acts that were not in any way performed pursuant to any of his official authorities or powers vested in him by the City Charter or in any other way by the City of Waterbury. It is also undisputed that he was not acting in the interests of the City of Waterbury or its taxpayers. Because the plaintiffs have failed to identify municipal policy that caused the plaintiffs' injuries, the City is entitled to summary judgment pursuant to <u>Board of the County Commissioners of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397 (1997).

                            DEFENDANT: City of Waterbury

                BY: _____
                      Elliot B. Spector
                      Federal Bar #ct05278
                      Noble, Spector, Young & O'Connor
                      One Congress Street
                      Hartford, CT  06114
                      Phone: 860-525-9975
                      Fax: 860-727-9915
                      spector@nsyolaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, to the following counsel of record this 27th day of March, 2006:

Erskine D. McIntosh, Esquire
Law Offices of Erskine D. McIntosh
P.O. Box 185789
Hamden, CT  06518

Michael Stanton Hillis, Esquire
Dombroski, Knapsack & Hillis
129 Whitney Avenue
New Haven, CT  06510

Andrew B. Bowman, Esquire
Law Offices of Andrew Bowman
1804 Post Road East
Westport, CT  06880

Michael W. Mackniak, Esquire
87 Meadow Street
Naugatuck, CT  06770

Gerald Lewis Harmon, Esquire
290 Pratt Street
Meriden, CT  06450

Allison Louise Jacobs, Esquire
84 Sherman Avenue
Hamden, CT  06518

Lynn Jenkins, Esquire
129 York Street, Apt. 8-L
New Haven, CT 06511

                                                        Elliot B. Spector

**NOBLE, SPECTOR, YOUNG & O'CONNOR, P.C.** • ATTORNEYS AT LAW
ONE CONGRESS STREET • HARTFORD CT 06114-1067 • JURIS NO. 409138 • TEL: (860) 525-9975 • FAX: (860) 525-9985