UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Bridgeport)

*******************************************

| | | |
|---|---|---|
| SUSAN ROE, JR. ppa ATTY. LYNN JENKINS, | * | 3:03 CV 571 (SRU) |
| GUARDIAN AD LITEM | * | |
| | * | AUGUST ___, 2005 |
| V. | * | |
| | * | |
| PHILIP GIORDANO & THE CITY OF | * | |
| WATERBURY, CONNECTICUT | * | |

*******************************************

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT**

The plaintiff's Guardian Ad Litem, Attorney Lynn Jenkins, who stands in the shoes of the

plaintiff, Susan Roe Jr. (hereafter "Susan"), attests that Susan has personal knowledge of the facts

set forth herein and submits this affidavit in support of her motion for summary judgment.

Attorney Lynn Jenkins being above the age of eighteen, and knowing the obligation of an

oath, first duly sworn, deposes and says:

1.      Susan is and was a minor child and resident of the State of Connecticut.

2.      Because Susan is a minor child of twelve years of age, this suit is being

        prosecuted on Susan's behalf by her undersigned Court appointed Guardian Ad

        Litem.

3.      Susan was a resident of Waterbury, Connecticut during Philip Giordano's tenure

        as Mayor for the City of Waterbury, Connecticut (hereafter "the City).

4.      Between November 2000 and July 2001, Mayor Philip Giordano (hereinafter

        "the Mayor") forced and coerced Susan, then a child of eight years of age, to

1

allow him to put his "privates" in her mouth, on numerous occasions, at various locations throughout the City.

5.    At the federal criminal trial of *U.S. v. Giordano*, Susan, then a minor child of ten years of age, testified, under oath, and subject to cross-examination, that at the time she met the Mayor, she understood the Mayor's job to be to protect the City and to watch over everyone in the City "like God" and "sees everything like God." (Trial Transcript from *U.S. v. Giordano*, Docket No. 3:01CR-216(AHN) at pages 1194, 1197).

6.    Susan testified, under oath, and subject to cross-examination, that she first met the Mayor at the "house office" when she was eight years old. (Tr. at 1196, 1212).

7.    Susan testified, under oath, and subject to cross-examination, that the Mayor told her to put his "privates" in her mouth. (Tr. at 1214-16).

8.    Susan testified, under oath, and subject to cross-examination, that her mouth touched the Mayor's "privates" and that the Mayor put his "privates" inside her mouth. (Tr. at 1214-16).

9.    Susan testified, under oath, and subject to cross-examination, that the Mayor touched her "privates" with his hand underneath her underwear. (Tr. at 1216-17).

10.    Susan testified, under oath, and subject to cross-examination, that the Mayor touched her bare chest and reached underneath her clothing to touch between her legs in the area that would be "covered by a bathing suit". (Tr. at 1216-17).

11.    Susan testified, under oath, and subject to cross-examination that, on at least two occasions, she was forced to allow the Mayor to put his "privates" in her mouth

and to allow the Mayor to touch her "privates" at the Mayor's personal residence. (Tr. at 1201-04, 1218).

12.    Susan testified, under oath, and subject to cross-examination, that she was forced to allow the Mayor to put his "privates" in her mouth, and to allow the Mayor to touch her "privates", inside the Mayor's car. (Tr. at 1204-05, 1218).

13.    Susan testified, under oath, and subject to cross-examination, that she was forced to allow the Mayor to put his "privates" in her mouth, and to allow the Mayor to touch her "privates", inside The Office of the Mayor. (Tr. at 1205-08, 1218).

14.    Susan testified, under oath, and subject to cross-examination that the co-plaintiff, Jane Doe Jr. (hereafter "Jane"), and herself were forced to take turns, one at a time, and together at the same time, allowing the Mayor to put his "privates" in their mouths. (Tr. at 1219-20).

15.    Susan testified, under oath, and subject to cross-examination that Jane and herself were forced to allow the Mayor to put his "privates" in each of their mouths inside the Mayor's Office, the Mayor's "house office", the Mayor's car, and the Mayor's home residence. (Tr. at 1219-20).

16.    Jane testified at the federal criminal trial of *U.S. v. Giordano*, under oath, and subject to cross-examination that Susan and herself were forced to take turns allowing the Mayor to put his "penis" in each of their mouths, inside the Mayor's law office, until the "white milky stuff came out". (Tr. at 1075-77).

17.    Jane testified, under oath, and subject to cross-examination that Susan was forced to allow the Mayor to put his "penis" in her mouth, inside the Office of the Mayor. (Tr. at 1086-87).

3

18.    Jane testified, under oath, and subject to cross-examination that Susan was forced to allow the Mayor to put his "penis" in her mouth until the "white stuff came out". (Tr. at 1139).

19.    Jane testified under oath, and subject to cross-examination that she would sometimes leave the room when the Mayor put his "penis" in Susan's mouth because she did not like to see the Mayor hurt Susan. (Tr. at 1139).

20.    Jane testified, under oath, and subject to cross-examination that Susan and herself were forced to take turns allowing the Mayor to put his "penis" in each of their mouths inside the Office of the Mayor. (Tr. at 1088-89).

21.    Jane testified, under oath, and subject to cross-examination that Susan was forced to allow the Mayor to put his "penis" in her mouth at the mayor's personal residence. (Tr. at 1092-93).

22.    Jane testified, under oath, and subject to cross-examination that Susan and herself were forced to take turns allowing the Mayor to put his "penis" inside each of their mouths at an "apartment". (Tr. at 1094-95).

23.    The plaintiff, Susan, testified, under oath, and subject to cross-examination, that she was forced to allow the Mayor to put his "privates" in her mouth more than once a week between November 2000 and July 2001. (Tr. at 1198).

24.    Susan testified, under oath, and subject to cross-examination that when she was forced to allow the Mayor to put his "privates" in her mouth inside the "house office" that the carpet in the office entered her eyes and caused her physical discomfort and pain. (Tr. at 1222-23).

25.    Susan testified, under oath, and subject to cross-examination, that she did not tell anyone of the sexual molestation to which she was forced to submit at the Mayor's hands because she feared the Mayor would put her and/or her family members in jail if she told. (Tr. at 1221-22, 1243-44).

_____

**ATTY. LYNN JENKINS**
**GUARDIAN AD LITEM FOR SUSAN ROE JR.**

On August 18, 2005, Attorney Lynn Jenkins, the Court appointed Guardian Ad Litem, for Susan Roe Jr., personally appeared before me and swore that the above affidavit was to the best her knowledge truthful and that signing it was her voluntary act.

_____

**ATTY. ERSKINE D. McINTOSH**
**COMMISSIONER OF THE SUPERIOR COURT**

## CERTIFICATION

This is to certify that copies of the forgoing Affidavit were mailed to the following on August 18, 2005 as follows:

Eliot B. Spector, Esq.
Sack, Spector, and Karsten
836 Farmington Avenue
West Hartford, CT 06119-1544

Michael Mackniak, Esq.
87 Meadow Street
Naugatuck, CT 06770

Michael S. Hillis, Esq.
Dobriski, Knapsack & Hillis
129 Whitney Avenue
New Haven, CT 06511

Andrew B. Bowen, Esq.
1804 Post Road East
Westport, CT 06880-5683

_____
ATTY. ERSKINE D. MCINTOSH

_____
ATTY. GERALD L. HARMON

19 AFFIDAVIT-JONES