UNITED STATES DISTRCIT COURT
DISTRICT OF CONNECICUT
(Bridgeport)

*********************************************

SUSAN ROE, JR. ppa ATTY. LYNN JENKINS,　　　*　　　3:03 CV 571 (SRU)
　　　GUARDIAN AD LITEM　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　　*　　　AUGUST 18, 2005
　　　　　　V.　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　　*
PHILIP GIORDANO & THE CITY OF　　　　　　　　*
WATERBURY, CONNECTICUT　　　　　　　　　　　*

*********************************************

**LOCAL RULE 9(C) STATEMENT**

The annexed Motion for Summary Judgment is advanced because there are no genuine issues of material fact to be tried concerning the following material facts:

1.   The defendant, former Mayor of Waterbury, Connecticut Philip Giordano (hereinafter "the Mayor") forced the plaintiff, than eight years of age, Susan Roe Jr., to perform fellatio on him on numerous occasions, in various locations throughout the City of Waterbury (hereinafter "the City"), between November 2000 and July 2001.

2.   The Mayor molested Ms. Roe's genitalia and breasts underneath her clothes on numerous occasions, in various locations throughout the City between November 2000 and July 2001.

3.   The Mayor deprived Ms. Roe of her rights protected under the 14th Amendment of the United States Constitution when he forcibly molested her, to wit, her performing fellatio on him and he touching her genitalia and breasts.

1

4. The Mayor forced Ms. Roe to perform fellatio on him and touched her genitalia and breasts inside the Mayor's Office in the Chase Building in Waterbury, Connecticut.

5. The Mayor forced Ms. Roe to perform fellatio on him and touched her genitalia and breast inside the Mayor's City issued police cruiser.

6. The Mayor arranged to meet with Ms. Roe for the purposes of having the plaintiff perform fellatio on him over his City issued cellular phones.

7. The Mayor acted under the color of state law when he used the privileges and powers of the Mayor's office to force Ms. Roe to perform fellatio on him and touched her genitalia and breasts.

8. As the Mayor deprived Ms. Roe of her Constitutionally protected rights while acting under the color of state law he is liable under 42 U.S.C. §1983.

9. The defendant, the City of Waterbury, Connecticut, had a "strong mayor" charter between November 2000 and July 2001.

10. Under the City of Waterbury's Charter (hereinafter "the Charter"), the Mayor was the final policymaker for the City in the areas of safety and law enforcement, political rights, and social issues.

11. The Mayor deprived Ms. Roe of her Constitutional rights in the areas in which the Charter established the Mayor as the final policymaker for the City.

12. As the Mayor was the final policymaker for the City in the areas he deprived Ms. Roe of her Constitutionally protected rights, the City is liable for the conduct of the Mayor under 42 U.S.C. §1983.

RESPECTFULLY SUBMITTED,

SUSAN ROE, Jr., ppa ATTY. LYNN JENKINS
GUARDIAN AD LITEM

By: _____
ATTY. ERSKINE D. MCINTOSH
FEDERAL BAR NO. CT 09743
THE LAW OFFICES OF ERSKINE D. MICINTOSH
3129 WHITNEY AVENUE, SECOND FLOOR
HAMDEN, CONN. 06518-2364
(203) 787-9994

By: _____
GERALD HARMON, ESQUIRE
FEDERAL BAR NO. CT 13523
THE LAW OFFICES OF GERALD L. HARMON
290 PRATT STREET
MERIDEN, CONN. 06450
(203) 639-1956

PLAINTIFF'S COUNSEL


### CERTIFICATION

This is to certify that copies of the forgoing Affidavit were mailed to the following on August __, 2005 as follows:

Eliot B. Spector, Esq.
Sack, Spector, and Karsten
836 Farmington Avenue
West Hartford, CT 06119-1544

Michael Mackniak, Esq.
87 Meadow Street
Naugatuck, CT 06770


Michael S. Hillis, Esq.
Dobriski, Knapsack & Hillis

3

129 Whitney Avenue
New Haven, CT 06511

Andrew B. Bowen, Esq.
1804 Post Road East
Westport, CT 06880-5683

_____
ATTY. ERSKINE D. MCINTOSH

_____
ATTY. GERALD L. HARMON

19 Local Rule 9(c) Statement-Jones