UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, JR., et al. | : | Master Consolidated **(Lead Case)** |
| Plaintiffs, | : | Civil 3:01CV2298 (SRU) |
| vs. | : | |
| | : | |
| CITY OF WATERBURY, et al. | : | |
| Defendants. | : | |
| | : | |
| SUSAN ROE, JR., et al. | : | NO.: 3:03CV00571(SRU) **(Member Case)** |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| CITY OF WATERBURY, et al. | : | |
| Defendants. | : | DECEMBER 1, 2005 |

## LOCAL RULE 56(a) STATEMENT

The defendant asserts that the following material facts are not in dispute:

1. During the period of the allegations in the complaint Philip Giordano was the Mayor of the City of Waterbury

2. The City of Waterbury was and is a municipality located within the State of Connecticut.

3. The plaintiffs were at all relevant times minors living in the City of Waterbury.

4. On March 25, 2003 a jury found Philip Giordano guilty on numerous counts related to his alleged sexual assaults upon the plaintiffs for a period of time commencing in approximately November of 2000 until July of 2001.

5.  In the approximately five years since the commencement of these criminal acts neither the Federal Bureau of Investigation or plaintiffs have been able to identify any City official who had knowledge of these alleged acts at the time they were occurring.

6.  The City of Waterbury had a Sexual Harassment Policy prohibiting sexual misconduct of employees and officials.

7.  The City had a policy of protecting children from sexual assaults executed through the police department by way of aggressive enforcement of sexual crimes.

8.  The City had a policy of protecting children from sexual abuse executed through the police department by way of investigations and cooperative efforts with the State of Connecticut Department of Children and Family Services.

9.  There is no evidence that a deliberate indifference to a training need led to the alleged Constitutional violations.

10. There is no evidence that any Board, Commission or Official of the City directed, condoned or acquiesced to the alleged acts.

11. There is no evidence that any written policy or directive of the City led to the alleged violation of Constitutional rights.

DEFENDANT: City of Waterbury

BY: _____
       Elliot B. Spector
       Federal Bar #ct05278
       Noble, Spector, Young & O'Connor
       One Congress Street
       Hartford, CT  06114
       Phone: 860-525-9975
       Fax: 860-525-9985
       spector@nsyolaw.com

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been mailed, postage prepaid, to the following counsel of record this 1st day of December, 2005.

| | |
|---|---|
| Erskine D. McIntosh, Esquire<br>Law Offices of Erskine D. McIntosh<br>P.O. Box 185789<br>Hamden, CT  06518 | Michael W. Mackniak, Esquire<br>87 Meadow Street<br>Naugatuck, CT  06770 |
| Michael Stanton Hillis, Esquire<br>Dombroski, Knapsack & Hillis<br>129 Whitney Avenue<br>New Haven, CT  06510 | Gerald Lewis Harmon, Esquire<br>290 Pratt Street<br>Meriden, CT  06450 |
| Andrew B. Bowman, Esquire<br>Law Offices of Andrew Bowman<br>1804 Post Road East<br>Westport, CT  06880 | Allison Louise Jacobs, Esquire<br>84 Sherman Avenue<br>Hamden, CT  06518<br><br>Lynn Jenkins, Esquire<br>129 York Street, Apt. 8-L<br>New Haven, CT 06511 |

                                                                                      _____
                                                                                           Elliot B. Spector