EXHIBIT C

August 28, 2001

Attorney Andrew B. Bowman
1804 Post Road East
Westport, CT 06880

Re: **Authorization to Sign Agreement dated August 28, 2001 with the Board of Aldermen for the City of Waterbury**

Dear Attorney Bowman:

    You are advised that I have approved the above-described Agreement and have authorized you to sign this Agreement with the Board of Aldermen for the City of Waterbury in my behalf.

    It is also my understanding that this letter is not intended to be a privileged document, and that a copy of this letter will be provided to Sam Caligiuri as the President of the Board of Aldermen.

Very truly yours,

PHILIP A. GIORDANO

## AGREEMENT AND RELEASE

This Agreement and Release "The Agreement" is made by and between the following parties: Philip A. Giordano ("Giordano") and the Board of Aldermen ("Aldermen") of the City of Waterbury who are duly elected and authorized to enter into this Agreement in behalf of the City of Waterbury.

WHEREAS, Philip A. Giordano is the duly elected Mayor of the City of Waterbury; and

WHEREAS, Giordano and the Aldermen believe and recognize that the welfare of the people of the City of Waterbury is the paramount issue to be served by this Agreement; and

WHEREAS, certain members of the Aldermen have requested that Giordano resign from office; and

WHEREAS, correspondence has been submitted to the Aldermen requesting that a resolution be passed appointing a committee to investigate allegations, which are denied by Giordano, that Giordano is in default of his official duties, which, if true, may constitute due cause for Giordano's removal under Section 333 of the Waterbury City Charter; and

WHEREAS, Giordano and the Aldermen believe that it will serve the interests of the people of the City of Waterbury to enter into this Agreement which will eliminate

uncertainty as well as the costs of any potential litigation surrounding the status of Giordano;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, Giordano and the Aldermen hereby agree as follows:

1. Giordano agrees that his salary shall be reduced by 50% effective immediately and shall continue until the end of his current term of office.

2. Giordano and the Aldermen agree that all medical and life insurance for which Giordano and his family are beneficiaries shall remain in full force and effect through the end of Giordano's term of office.

3. Giordano agrees that in the event he is at liberty between the date of this Agreement and the end of his term, he will not seek to assume or exercise any of the powers, duties, and rights of the office of the Mayor of the City of Waterbury, except as outlined in this Agreement.

4. That any accrued vacation, sick or personal time accrued as of July 26, 2001 shall be deemed the final accrual for purposes of compensation and that no further vacation, sick or personal time shall accrue from July 26, 2001.

5. The Aldermen, who are vested with the sole authority to remove Giordano from his office, agree that it will not attempt to remove Giordano throughout the remaining term

of his office or by any means further to reduce or diminish Giordano's compensation as set forth in this Agreement.

6. The Agreement shall be effective upon the date of execution by each of the parties hereto.

7. Giordano, for himself, his heirs, executors, administrators, successors and assigns and the Aldermen acting as the duly authorized governing body of the City of Waterbury, for itself, its successors and assigns, and all duly appointed and elected officials of the said City of Waterbury in their official capacities release each other from any and all claims, demands, obligations, damages, liabilities and causes of action relating to the payment of compensation by the City of Waterbury to Giordano.

8. This Agreement shall be binding on and inure to the benefit of Giordano and the City of Waterbury, their predecessors, heirs, successors and assigns.

9. It is understood, and each party agrees, that the settlement of the dispute outlined in this Agreement does not constitute and should not be construed as an admission of liability or wrongdoing on the part of any party to this Agreement.

10. This Agreement and the rights and obligations of the parties hereto shall be construed in accordance with and governed by the laws of the State of Connecticut.

11. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original.

IN WITNESS WHEREOF, this Agreement has been approved and executed by the duly authorized representatives of the Parties on the date(s) set forth below.

8/28/01
Date

Philip A. Giordano

*/s/ Andrew B. Bowman/*
By Andrew B. Bowman, his attorney
duly authorized

8-28-01
Date

The City of Waterbury, acting by and through the Board of Aldermen

*/s/ Sam S.F. Caligiuri/*
By Sam S.F. Caligiuri, President of
the Board of Aldermen

Approved as to Form:

*/s/ Theresa A. Caldarone/*
Theresa A. Caldarone  8/28/01
Corporation Counsel

4