UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE, JR. and SUSAN ROE, JR., <br>         Plaintiffs, <br> <br>      v. <br> <br> THE CITY OF WATERBURY and PHILIP GIORDANO, <br>         Defendants. | CIVIL ACTION NO. <br> 3:01cv2298 (SRU) <br> (consolidated with 03cv571) |

**RULING ON MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT**

The plaintiffs sued the City of Waterbury ("Waterbury") primarily for municipal liability pursuant to 42 U.S.C. § 1983, and Philip Giordano for various federal and state law claims relating to Giordano's alleged sexual abuse of the minor plaintiffs between November 2000 and July 2001. On September 28, 2006, I entered summary judgment in favor of Waterbury with respect to all claims against Waterbury and against Giordano in his official capacity, and in favor of plaintiffs with respect to substantially all claims against Giordano in his individual capacity. Plaintiffs have moved for certification of partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Neither Giordano nor Waterbury oppose the motion. For the reasons set forth below, plaintiffs' motion is granted.

Rule 54(b) provides:

> (b) **Judgment upon Multiple Claims or Involving Multiple Parties**. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to *one or more but fewer than all* of the claims or parties only upon an express determination that there is *no just reason for delay* and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of

>      judgment adjudicating all the claims and the rights and liabilities of all the
>      parties.

FED. R. CIV. P. 54(b) (emphasis added).

There are three requirements for entry of a partial final judgment under Rule 54(b): (1) "Multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Information Resources, Inc. v. The Dun and Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002) (citing *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992)).

The first requirement for entry of a partial final judgment is the presence of multiple claims or multiple parties. This case involves two defendants. Therefore, the first requirement is met.

The second requirement is met when the court has finally decided the liabilities of at least one party. A claim is "finally decided" when it "ends the litigation . . . on the merits and leaves nothing for the court to do but execute the judgment." *Ginett*, 962 F.2d at 1092 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). Thus, a summary judgment that completely disposes of all claims against a defendant meets this requirement, and becomes final and appealable when a Rule 54(b) certificate is made. *See id*. Because I entered summary judgment in favor of Waterbury, the second requirement that the liabilities of at least one party have been "finally decided" is met.

The third requirement for entry of a partial final judgment is met when the district court

determines that there is no just reason for delay.  The Supreme Court has conferred broad discretion to the district courts in making this determination.  *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10-11 (1980) ("[B]ecause the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow.").  Although there are no fixed guidelines for determining whether there is just reason for delay, sound judicial administration is the proper guiding principle.  *Id*. at 8-10.  Courts should consider whether there will be "some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978) (quoting *Western Geophysical Co. v. Bolt Associates, Inc.*, 463 F.2d 101, 103 (2d Cir. 1972)).  Rule 54(b) was incorporated into the Federal Rules of Civil Procedure for the purpose of easing hardship arising from delay.  *Ginett*, 962 F.2d at 1093-94.

      Certification will alleviate hardship for plaintiffs.  If plaintiffs win their appeal of my ruling regarding Waterbury's liability, then the minor plaintiffs will only need to testify one time about their damages from the sexual assaults by Giordano.  If, on the other hand, I do not grant plaintiffs' motion for Rule 54(b) certification, they would risk testifying twice – once in a hearing in damages with respect to the claims against Giordano, and then possibly again if the plaintiffs win their appeal against Waterbury, resulting in the need for another trial or hearing.  *See* Conference Memorandum (doc. # 110).  In addition, in response to a telephone call from chambers, counsel for Waterbury confirmed that Waterbury does not oppose the motion for Rule 54(b) certification.

      Given that delay in certification would result in hardship for plaintiffs, and that allowing the opportunity for immediate appeal will not impede the interest of judicial efficiency, I

conclude that there is no just reason for delaying final judgment with respect to the claims against Waterbury.

Plaintiffs' Motion for Certification of Partial Final Judgment (**doc. # 111**) is **GRANTED**. The clerk shall enter a partial final judgment in favor of Waterbury with respect to all claims against Waterbury.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of November 2006.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge